■ ISBRANDTSEN COMPANY, INC. et al., Appellants, v. CITY OF NEW YORK, Respondent.— Judgment entered August 14, 1969, declaring, pursuant to a complaint seeking declaratory judgment, "that the defendant properly fulfilled its obligation under paragraph 'fourth' of the lease", unanimously modified on the law and the facts, to the extent of striking the first decretal paragraph of the judgment and substituting therefor a declaration that the City of New York, as lessor, has not fulfilled its obligations under Article Fourth of the lease and that plaintiff Isbrandtsen as lessee is not obligated to perform its covenant of repair and maintenance and of surrendering in good repair unless and until the City of New York completes its rehabilitation work in accordance with the provisions of Article Fourth and otherwise affirmed, with $50 costs and disbursements to appellants. According to the terms of the lease, the obligation of the lessee to keep and maintain the pier in good order and condition did not arise until the lessor city rehabilitated the pier, as it had undertaken to do contractually. The court, although recognizing in effect that the rehabilitation effort had not been completely achieved, paradoxically found in favor of the city. The fact that the terms of the lease in practice became financially onerous for the city is no justification for the city not to have finished the work as called for by its contractual undertaking. Neither the extent of work done by the city nor the amount of money expended by the city is the yardstick. The contract calls for full performance. On this record, that has not been accomplished. The estimated figure of $425,000 was not the limit of the city's liability; the city recognized this when it went beyond this figure in an abortive effort to partially perform. Because of the unjustified failure of the lessor to complete its rehabilitation undertaking, the lessee is exculpated presently from its own covenant to "keep and maintain", until such time as the city complies with the indenture dated March 4, 1958, in respects of its obligation to rehabilitate the pier. Concur—McGivern, J. P., Markewich, McNally and Tilzer, JJ.